# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **BANCO POPULAR de PUERTO RICO,** | |
| **Plaintiff,** | 1:08-cv-116 |
| v. | |
| **SUNRISE MANAGEMENT, LLC and SALEM SALEM,** | |
| **Defendants.** | |

**TO:** Justin K. Holcombe, Esq.

### ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

THIS MATTER is before the Court upon Plaintiffs' Motion For Entry of Default Against Sunrise Management, LLC (Docket No. 12).

Plaintiff seeks entry of default against Defendant Sunrise Management, LLC. Plaintiff claims that "[p]ursuan to 13 V.I.C. § 1112 [sic], service was made upon the Director of the Corporate and Tradename Division within the office of the Lieutenant Governor." Affirmation of Justin K. Holcombe (attached to said motion) at para. 2.

Section 1112 provides, in pertinent part:

> (a) An agent for service of process appointed by a limited liability company or a foreign limited liability company is an agent of the company for service

*Banco Popular de Puerto Rico v. Sunrise Management, LLC*
3:08-cv-116
Order Denying Plaintiff's Motion For Entry of Default
Page 2

of any process, notice, or demand required or permitted by law to be served upon the company.

(b) If a limited liability company or foreign limited liability company fails to appoint or maintain an agent for service of process within the Virgin Islands or the agent for service of process cannot with reasonable diligence be found at the agent's address, the Lieutenant Governor shall be deemed an agent of the company upon whom process, notice, or demand may be served.

(c) Service of any process, notice, or demand on the Lieutenant Governor may be made by delivering to and leaving with the Lieutenant Governor, the Director of the Corporate and Tradename Division within the office of the Lieutenant Governor, or any clerk having charge of the limited liability companies within the office of the Lieutenant Governor, duplicate copies of the process, notice, or demand. If the process, notice, or demand is served within the office of the Lieutenant Governor, the Lieutenant Governor shall forward one of the copies by registered or certified mail, return receipt requested, to the company at its designated office. Service is effected under this subsection at the earliest of:

   (1) the date the company receives the process, notice, or demand;

   (2) the date shown on the return receipt, if signed on behalf of the company; or

   (3) five days after its deposit in the mail, if mailed postpaid and correctly addressed.

(d) The office of the Lieutenant Governor shall keep a record of all processes, notices, and demands served pursuant to this section and record the time of and the action taken regarding the service.

V.I. Code Ann. tit. 13, § 1112(a)-(d) (2010).

*Banco Popular de Puerto Rico v. Sunrise Management, LLC*
3:08-cv-116
Order Denying Plaintiff's Motion For Entry of Default
Page 3

The only proof of service provided by Plaintiff's motion is that "a copy of the summons in the above action" was served upon "Denise Johannes, Director, Division of Corporations on behalf of Gregory Francie, Lt. Governor[,] for Sunrise Management, LLC." Affidavit of Service (attached as Exhibit 1 to the said motion) at para. 2. Plaintiff has presented no evidence of and the Court cannot determine from Plaintiff's motion whether said Defendant failed to appoint or maintain an agent for service of process within the Virgin Islands or whether the Plaintiff could not, with reasonable diligence, find the designated agent for service of process. Even if service of process upon the Lieutenant Governor had been shown to have been proper, the motion also is silent regarding whether Plaintiff served duplicate copies of the summons and complaint with the office of the Lieutenant Governor, as required by the statute.

In addition, Plaintiff claims that service was effected on February 4, 2010, the date of service upon the Lieutenant Governor. However, according to the statute, service is deemed to have been effected only as the earlier of the date the company receives the process or the date shown on the return receipt, if signed on behalf of the company or five days after mailing. V.I. Code Ann. tit. 13, § 1112(c) (2010). Plaintiff has failed to demonstrate that the office of the Lieutenant Governor mailed a copy of the summons and complaint to said Defendant and the date of such action or receipt by said Defendant.

*Banco Popular de Puerto Rico v. Sunrise Management, LLC*
3:08-cv-116
Order Denying Plaintiff's Motion For Entry of Default
Page 4

Based upon the foregoing, the Court finds that Plaintiff has failed to comply with V.I. Code Ann. tit. 13, § 1112, and service has not been effected upon Defendant Sunrise Management, LLC, sufficient to entitle Plaintiff to entry of default.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion For Entry of Default Against Sunrise Management, LLC (Docket No. 12) is **DENIED**.

ENTER:

Dated: July 7, 2010 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE